PER CURIAM:
Claimants brought this action for damage to their vehicle which occurred when claimant Dara Krack was operating their vehicle on County Route 11 in Calhoun County, and the vehicle slid on a patch of ice causing it to make contact with an oncoming vehicle. Respondent was responsible at all times herein for the maintenance of County Route 11. The Court is of the opinion to deny this claim for the reasons set forth below.
The incident giving rise to this claim occurred on January 4, 2001, at approximately 5:30 p.m. Mrs. Krack testified that she was driving a 1985 Mercury Colony Park station-wagon. She was traveling west on County Route 11 returning from her place of employment in Charleston to her home in Calhoun County. The weather was cold and there was some light snow falling. She stated that it was turning dark outside and that she had the headlights on. It had snowed the day prior to this incident as well. Mrs. Krack stated that most of the road surface was dry on her drive home from Charleston. However, once she approached the Calhoun County line on County Route 11, also referred to as NicutRoad, the road surface was snow covered and icy. County Route 11 at this location is curvy with some small hills. It is a one-lane, third priority road. Mrs. Krack testified that she was traveling at approximately 15 miles per hour when suddenly she approached another vehicle that had just crested a small hill ahead of her. The road at this location is narrow and there is only space enough for one vehicle to pass at a time. Mrs. Krack testified that she had a short distance to maneuver her vehicle to avoid the oncoming car. She tried to stop but she was unable to do so. She then attempted to maneuver the vehicle to the right side of the road but due to the ice on the road the vehicle would not respond and collided with the oncoming vehicle. Mrs. Krack was forced to crawl out of the passenger side. Fortunately, she was not injured but the vehicle was damaged. Claimants seek $6,000.00 in damages which represents the total value of their vehicle.
The accident was investigated by West Virginia State Trooper Douglas P. Starcher and he completed the accident report. He noted that the road surface was slippery. However, he also noted in his report that Mrs. Krack was exceeding a safe speed and failed to maintain control of her vehicle.
It is claimants’ position that the respondent failed to clear the road of ice and snow adequately and in a timely fashion and that its failure to do so created a hazardous condition that was the proximate cause of this incident. Mr. Krack took photographs of the road near the location of this incident on the following day. The photographs indicate that the road was snow covered and that the collision occurred on the crest of a small hill. Mrs. Krack testified that the road was slick to walk on and that the individual in the other vehicle slipped and fell on the ice when he exited his vehicle. Denver Cottrell, whose home is located adjacent to County Routel 1, testified that this incident occurred near his mailbox. He stated that the road surface was “solid ice” on the date of this incident and that it had not been treated by respondent.
It is respondent’s position that it did not have notice of the icy condition of the road at this location. Respondent also asserts that it was on “SRIC” or snow removal and ice control on the date of this incident. Its available crews were working on the first priority roads and they had not been able to reach the second and third priority roads such as County Route 11.
Glenn Hanlin, County Supervisor for the respondent in Calhoun County at the time of this incident, testified that he is responsible for the maintenance of approximately 500 miles of roads and highways in Calhoun County and that there are 19 crew members available to respond to snow and ice removal. The portion of *106 County Route 11 at issue is a tar and chip surface road and is designated a third priority road. According to Mr. Hanlin, the priority one roads are treated first which has always been the policy of the respondent. The priority one routes are treated first with salt and abrasive mixtures because these roads are the most heavily traveled and there is a higher risk for accidents. The tar and chip roads such as the portion of County Route 11 at issue have to be treated with sand, cinders, and sawdust. There is not enough salt available to treat all the priority one routes as well as the second and third priority routes. Mr. Hanlin also stated that tar and chip roads are not durable enough to withstand salt treatment as such treatment would destroy the road surface. Mr. Hanlin testified that he did not receive any complaints regarding snow and ice on County Route 11 prior to this incident. He stated that he requires his clerk diligently to maintain a phone log and to convey any messages or complaints regarding the roads to him. He stated that even if a complaint had been made regarding snow and ice on County Route 11 and he was not made personally aware of it at that time, it would still be recorded in the phone log. Mr. Hanlin was adamant that no such complaint was recorded in the phone log prior to this incident.
Joseph Webb, Assistant Supervisor in Calhoun County, testified that on the date of this incident, January 4, 2001, he and the available maintenance crews were treating the primary routes in Calhoun County which include Route 16, Route 5, and Route 33. He stated that respondent was under snow removal and ice control operations.
Bruce Leedy, the Regional Maintenance Engineer for respondent in the Parkersburg District which includes Calhoun County, testified that, generally speaking, surface treated roads such as tar and chip should be treated with something other than salt because salt tends to destroy tar and chip roads. He also stated that in general it is better to treat roads with rock and chips or sand rather than to not treat at all. However, Mr. Leedy testified that he had absolutely no complaints regarding County Route 11 prior to this incident. The first complaint he received regarding County Route 11 was from Mr. Krack after this incident.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold the respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). The respondent cannot be expected or required to keep its highways absolutely free of ice and snow at all times, and the presence of an isolated patch on a highway during winter months is normally insufficient to charge the respondent with negligence. McDonald v. Dept. of Highways, 13 Ct. Cl. (1979). However, the respondent does owe a duty to travelers to exercise reasonable care and diligence in the maintenance of highways. Lewis v. Dept. of Highways, Ct. Cl. 136 (1986).
In this claim, the evidence established that this portion of County Route 11 is a third priority tar and chip road in terms of maintenance priority. The evidence also established that it is the respondent’s normal practice to treat primary roads first, before treating the lower priority roads. The respondent was treating the primary routes in Calhoun County on the date of this incident, but it had not been able to reach the second and third priority routes prior to the incident. The Court is of the opinion that the respondent was acting diligently in treating the snow and ice hazards on the date of this incident and there is insufficient evidence of negligence on which to *107 justify an award.
Therefore, in view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.